ROBYN B. SOKOL - Bar No. 159506
DENNETTE A. MULVANEY - Bar No. 133423
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *rsokol@leechtishman.com*
    *dmulvaney@leechtishman.com*

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ABBEY SLOTKIN,<br><br>Debtor.<br><br>_____<br><br>ELISSA D. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MAVERICK M. BAILEY aka MAVERICK MCFLY BAILEY and KAT MOSS<br><br>Defendants. | **Case No. 2:20-bk-12042-BB**<br><br>**Adv. Case No. 2:22-ap-01145-BB**<br><br>**Chapter 7**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LOCAL BANKRUPTCY RULE 7055-1**<br><br>Date: December 6, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>    United States Bankruptcy Court<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

1

Plaintiff, Elissa D. Miller ("Plaintiff"), the duly appointed Chapter 7 trustee ("Trustee") of the estate of Mark Abbey Slotkin ("Debtor"), and, by this Adversary Proceeding, seeks declaratory relief, damages, as well as injunctive relief against Defendant Maverick M. Bailey aka Maverick McFly Bailey ("Bailey" or "Defendant") based upon Defendant's breach of a residential real property lease and his knowing violation of the automatic stay.

The Motion for Default Judgment Under Local Bankruptcy Rule 7055-1 ("Motion") seeks entry of a default judgment against Bailey who was served with the Adversary Complaint, has failed to respond, and has had a default entered against him.  Plaintiff also requests dismissal of the remaining Defendant, Kat Moss.

## I.

## STATEMENT OF FACTS

## THE PARTIES AND THE LEASE TRANSACTION

1. On February 25, 2020 (the "Petition Date"), the Debtor commenced his bankruptcy case by filing a petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") and Elissa D. Miller was appointed Chapter 7 Trustee of his estate ("Estate").

2. On September 14, 2021, the Debtor by and through Clover Industrial Properties, LLC entered into the Lease with Bailey.  A true and correct copy of the Lease is attached to the Declaration of Elissa D. Miller ("Miller Decl.") filed concurrently herewith as **Exhibit 1** and incorporated herein by this reference.

3. The Lease provides for Defendant Bailey to pay monthly rent in the amount of $22,720 by cashier's check or wire transfer on the "1st day of each calendar month."  **Exhibit 1**, Lease ¶ 3 and Addendum No. 2.  The Lease provides for a security deposit in the amount of $20,000.  *Id.* at ¶¶ 4, 5.

4. The Lease provides for late charges of 10% of the rent due and an NSF Fee of $25.00 for the first check that is returned unpaid.  *Id.* ¶ 6.

5. The Lease specifically provides that Bailey, the tenant, shall not sublet the Premises stating as follows:

> **Tenant shall not sublet all or any part of Premises, or parking or storage spaces, or assign or transfer this Agreement or any interest in it**, without Landlord's prior <u>written consent</u>. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. … B.  This prohibition also applies…to short term, vacation, and transient rentals such as, but not limited to, those arranged through AirBnB, VRBO, HomeAway or other short term rental services.  C. **Any violation of this prohibition is a non-curable, material breach of this Agreement**.

*Id.* ¶ 22.  (emphasis added).

6. Addendum No. 2 states that "**Tenant is not allowed to sublet property**." *Id.* at Addendum No. 2 (emphasis added).

7. On or about October 5, 2021, the Trustee filed the *Trustee's Motion for Partial Summary Judgment* [Adv. No. 2:20-ap-01672-BB, Docket No. 143] ("Motion").  After a hearing on the Motion held on November 18, 2021, on December 21, 2021, the Bankruptcy Court entered an *Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment* [Adv. No. 2:20-ap-01672-BB Docket No. 201] ("MSJ Order") in the instant adversary proceeding.

8. The MSJ Order, among other things, provides that

> all assets held by the (a) Slotkin Defective Trust of December 14, 2012, (b) the Slotkin Defective Trust of April 12, 2010, and (c) the Intentionally Defective Slotkin Family Children's Trust Dated January 1, 1997 (collectively, "Trusts") are property of the Bankruptcy estate of Mark Abbey Slotkin ("Estate"), including but not limited to …Clover Industrial Properties, LLC …13348 Chandler Blvd., Sherman Oaks, California 91403 …

MSJ Order, pp. 4:7-5:17.  Thus, pursuant to the MSJ Order, the Premises is property of the Estate.

9. The MSJ Order further provides that:

> IT IS FURTHER ORDERED that this Order constitutes an injunction with respect to the Assets and all parties are stayed from taking action against the Assets as provided for in 11 U.S.C. §362, including without limitation any action to encumber, conceal or destroy the Assets or any part thereof, or to transfer all of any part thereof to anyone other than the Trustee, except as expressly directed otherwise by the terms of this Order;

MSJ Order, p. 6:1-6.

10. After entry of the MSJ Order, the Trustee alerted Bailey and his agents and representatives and all parties residing at the Premises of the MSJ Order, that the real property

3

located at 13348 Chandler Blvd., Sherman Oaks, California 91403 is property of the Estate and that all payments for rent and issues regarding the Premises and the Lease are to be directed to the attention of the Trustee and her agent.

11. On or about December 28, 2021, the Trustee sent by Federal Express to the tenants of premises located at 13348 Chandler Blvd., Sherman Oaks, California 91403 a letter alerting the Defendants and any tenants at the Premises of the bankruptcy stay imposed by the MSJ Order, that she was the duly appointed chapter 7 trustee for the Estate and that all future rent payments should be directed to her at the address provided in the December 28, 2021 letter ("December 28th Letter"). The December 28th Letter was sent a second time in January 2022.

12. On or about February 8, 2022, the Trustee, by and through her counsel, delivered by U.S. Mail service and personal service to the Premises a letter to Bailey. Among other things the February 8, 2022 letter ("February 8th Letter") informed Bailey of the MSJ Order, that the Premises is property of the Estate and that all rent is to be paid to the Trustee. The February 8th Letter also included a copy of the MSJ Order. A true and correct copy of the February 8th Letter is attached to the Miller Decl. as **Exhibit 2**.

13. Despite the December 28th Letter, February rent in the amount of $22,720 was deposited into the Clover Industrial Properties LLC bank account on February 3, 2022.

14. On February 22, 2022, the Trustee sent a detailed email to Kat Moss, Bailey's assistant, explaining that all rent for the Premises is to be sent to her by wire or mailing a check made payable to Elissa Miller, Chapter 7 Trustee. This email attached a copy of the December 28th Letter, Notice of Appointment of Chapter 7 Trustee, and MSJ Order. A true and correct copy of the Trustee's email of February 22, 2022 is attached to the Miller Decl. as **Exhibit 3**.

15. Pursuant to the Lease, March rent was due on March 1, 2022. **Exhibit 1**. March rent from Bailey was received by the Trustee on March 18, 2022.

16. Pursuant to the Lease, April rent was due on April 1, 2022. *Id.* April rent was received by the Trustee on April 20, 2022 but the rent check was returned due to insufficient funds. The April rent check eventually cleared on April 22, 2022. An NSF fee of $25 for the April rent check is due to the Estate.

17. Pursuant to the Lease, May rent was due on May 1, 2022. *Id.* Rent for May was not received by the Trustee until June 3, 2022.

18. Pursuant to the Lease, June rent was due on June 1, 2022. *Id.* June rent in the amount of $22,720 still has not been received by the Trustee for the Premises. Thus, rent was paid late for the months of March, April, and May and rent has not been received for the month of June. In accordance with the Lease, late payment penalties of 10% are due and payable to the Estate.

19. So that the Premises could be sold before the end of 2022, on or about mid-June, the Trustee asked Bailey if he would be interested in early termination of the Lease.

20. On June 22, 2022, Kat Moss sent an email stating that "On behalf of Maverick Bailey I would like to inform you that he would like to end his lease on July 4, 2022" ("June Moss Email"). Attached to the Miller Decl. as **Exhibit 4** is a true and correct copy of the June Moss Email. A few minutes later, Kat Moss sent another email providing that the "Move out day will be July 5, 2022." *Id.*

21. Despite having been informed numerous times that the Premises is property of the Estate and being provided with a copy of the MSJ Order, in violation of the automatic stay and in breach of the Lease and without any notice to the Trustee, Bailey with the assistance of Kat Moss and Noelle Lesinski subleased the Premises for the period of May 31, 2022 through July 3, 2022 to Lisa Kantor. Attached to the Miller Decl. as **Exhibit 5** is a true and correct copy of the Vacation Rental Agreement.

22. The Vacation Rental Agreement provides that Ms. Kantor will rent the Premises from May 31, 2022 through July 3, 2022 for use by Ms. Kantor's "coworkers and guests" at a rate of $1,100 per day.[1] Despite not paying rent for June or July, Bailey received $45,300 from Ms. Kantor in exchange for her use of the Premises. **Exhibit 5**, ¶ 5. Bailey received $35,200 for rental of the Premises, a security deposit of $9,500 and a cleaning fee of $600 from Ms. Kantor. *Id.*

23. As Bailey did not pay for June or July rent, he made a profit of $35,200 using Estate property, took a $9,500 security deposit and a $600 cleaning fee on the Premises. The rent received

---

[1] The daily rental rate on the Lease is $746.95.

by Bailey is property of the Estate. Bailey received the $35,200 impermissibly using Estate property.

24. Not having any knowledge that Bailey had subleased the Premises, the Trustee began negotiations with Bailey and Moss regarding an early termination of the Lease. The negotiations centered primarily upon Bailey's refusal to pay the June rent and demand that it be taken out of the Security Deposit of $20,000 which is less than the outstanding rent and late charges due. These negotiations continued until the Trustee learned that Bailey had abandoned the Premises and subleased the Premises to Ms. Kantor to be used for housing and a war room for attorneys in trial on a case pending at the Van Nuys Court house.

25. Thereafter, Ms. Kantor was contacted, and the Vacation Rental Agreement was obtained. Ms. Kantor informed the Trustee that she had entered into the Vacation Rental Agreement and had made all payments set forth in the Vacation Rental Agreement. Ms. Kantor informed the Trustee that she and her colleagues were in the middle of trial taking place in the Van Nuys Court house and that she could vacate the Premises by July 24, 2022. Ms. Kantor requested that she and her colleagues be permitted to stay at the Premises through July 24, 2022. The Trustee agreed to permit Ms. Kantor to lease the Premises directly from the Trustee from July 4, 2022 through July 24, 2022.

26. The Trustee continued efforts to reach a resolution with Bailey but such efforts were unsuccessful. As Bailey threatened to act against the Ms. Kantor and her colleagues and refused to confirm that he would refrain from entering the Premises, pay past due rent, turnover property of the Estate or refrain from subletting the Premises, the Complaint was filed. Attached to the Miller Decl. as **Exhibit 6** is a text message and an email both scribed by Bailey which demonstrate his continued violation of the automatic stay. In both the text message and the email, Bailey indicates that he has rights to the Premises and will enforce such rights. *Id.*

27. By the *Order Approving Stipulation for Temporary Injunctive Relief and Temporary Restraining Order* entered on July 21, 2022 [Adv. Docket 5] ("Preliminary Injunction"), the stipulation between the Trustee and Bailey was approved and it was ordered that Bailey and his

///

employees, agents and representatives are enjoined from exerting dominion and control over, entering, leasing, subleasing, and taking any actions against the Premises.

28. By entry of the *Order Granting Chapter 7 Trustee's Motion For Order: (1) Authorizing Sale Of Real Property Commonly Known As 13348 Chandler Blvd., Sherman Oaks, California (APN 2344-018-034), Free And Clear Of Liens, Claims And Interests; (2) Confirming Sale To Third Party; (3) Determining That Buyer Is A Good Faith Purchaser; (4) Authorizing The Trustee To Withhold And Remit Estimated State Income Taxes Resulting From The Sale, If Any; (5) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure; (6) Approving Bidding Procedures In Connection With Proposed Sale; And (7) Approving Sale Of Personal Property* on November 1, 2022, the Trustee sold the Premises and all personal property contained therein free and clear of all liens, claims and encumbrances. [Docket No. 602].

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Declaratory Relief is Proper Based on the Defendant's Incurable Material Breach of the Lease and the Termination of the Lease**

In the absence of a specific provision in a lease or sublease to the contrary, a tenant's breach of the lease and abandonment of the property or the landlord's election to terminate the tenant's right to possession due to a breach of the lease operates to terminate the lease. *See*, California Civil Code Sections 1951.2 and 1951.4.

On May 31, 2022, Bailey subleased the Premises to Ms. Kantor without the consent or knowledge of the Trustee. Pursuant to the terms of the Lease, subleasing is prohibited and constitutes a non-curable, material breach of the Lease, affording the Trustee the right to terminate the Lease at her option. *See*, Lease at ¶ 22 and Addendum No. 2.

California Civil Code Section 1951.2(a) provides:

(a) Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates.

7

"Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. 'In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future'." *In re Singh*, 457 B.R. 790, 798 (Bankr. E.D. Cal. 2011). A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding and it involves an issue of law on undisputed or relatively undisputed facts. The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936).

A declaratory judgment is warranted in this case as the facts are well established and a judgment would terminate the controversy. Defendant Bailey materially breached the Lease by entering the sublease of the Premises with Ms. Kantor. Subleasing was strictly prohibited pursuant to the terms of the Lease, the result of which was an uncurable material breach of the Lease by Bailey, which, at the election of the Trustee effects a termination of the Lease.

Bailey's written notification to the Trustee that he was ending the Lease on July 5, 2022 constituted an abandonment of the Lease by Bailey, however, his subsequent actions in threatening to act against the current tenants of the Premises and refusing to confirm that he would refrain from entering the Premises contradict that position. A material non-curable breach of the Lease by Bailey coupled with an abandonment before the end of the term of the Lease would result in a termination of the Lease pursuant to Civil Code Section 1951.2(a). Regardless of whether Bailey abandoned the Lease, his material breach of the Lease by subleasing the Premises permitted the Trustee to terminate the Lease and Bailey's right of possession.

Accordingly, the Trustee submits that a judicial determination that the Lease terminated on May 31, 2022, leaving Bailey without any rights or interests in the Premises as of that date is appropriate.

///

///

///

4868-3998-2651, V. 1

### B. The Estate is Entitled to Damages for Defendant Bailey's Breach of the Lease

Pursuant to California Civil Code 1951.2 and the benefit of the bargain measure of damages for the breach of contract generally,[2] a landlord can terminate the right of possession and recover damages for the remainder of the term, subject to the landlord's duty to mitigate damages. *Desert Plaza Partnership v. Waddell*, 180 Cal. App. 3d 805, 812, 225 Cal. Rptr. 775 (4th Dist. 1986), confirming the rule in *Danner*[3] that the purpose of Civ. Code § 1951.2 is to permit the landlord to forfeit (terminate) the lease and still hold the tenant liable for his or her obligations under the lease. It abrogates the common law rule that the tenant's obligation to pay rent depends on the continued existence of the lease; *Danner v. Jarrett*, 144 Cal. App. 3d 164, 166-167, 192 Cal. Rptr. 535 (1st Dist. 1983). Civil Code Section 1951.2 provides for damages for future rents only if the lease expressly so provides, however, if a landlord has relet the premises prior to the time of the award of damages, then the landlord may recover the present value of future rent without such a provision in the lease as long as the landlord acted reasonably and in a good-faith effort to mitigate the damages. The Trustee re-let the Premises to Ms. Kantor, and accordingly, it is submitted that the Trustee is entitled to the remaining rent due pursuant to the Lease through the term of the Lease, September 14, 2022.

In this case, the Trustee has requested a judicial determination that the Lease terminated on May 31, 2022 based on Bailey's material non-curable breach of the Lease and the rights of termination afforded the Trustee pursuant to the terms of the Lease. As such, Bailey owes the following pursuant to the terms of the Lease:

| | |
|---|---:|
| June rent | $22,720.00 |
| July rent | $22,720.00 |
| August rent | $22,720.00 |
| September rent (14 days) | $10,602.66 |
| 10% late fee | $12,420.00 |
| NSF charge | $ 25.00 |
| Cleaning Fee | $ 750.00 |

---

[2] "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefore." California Civ. Code § 3300

[3] *Danner v. Jarrett*, 144 Cal. App. 3d 164, 166-167, 192 Cal. Rptr. 535 (1st Dist. 1983).

|  |  |
|---|---|
| Utility bill Damages (Lease ¶ 9) – Trustee settlement[4] | $ 2,000.00 |
| **Total:** | **$93,957.66** |

The Trustee was able to relet the Premises to Ms. Kantor from July 5 through and including July 24, 2022 for the sum of $23,100.00 reducing the amount owing by $23,100. In addition, the security deposit made by Bailey in the amount of $20,000 must be deducted. Attorney's fees and costs in the amount of approximately $42,105[5] should be included as compensatory damages but if not included as compensatory damages attorney's fees should be awarded as damages for Bailey's knowing violation of the automatic stay pursuant to 11 U.S.C. § 105 as discussed below.

Therefore, the Trustee is seeking an award of damages for the breach of the Lease in the amount of $92,962.66.

### C. The Estate Should Be Awarded Damages for Bailey's Willful Violation of the Automatic Stay

Based on Defendant Bailey's willful violation of the automatic stay, the Trustee seeks compensation for actual costs incurred as a result, including, but not limited to the rent that is due under the Lease through September 14, 2022 (to the extent not included in the breach of contract damages), the funds received by Defendant Bailey from Ms. Kantor for rent, and the costs incurred by the Trustee to protect the Premises and the Estate's leasehold interest, including all legal fees and related costs (to the extent not included in the breach of contract damages).

The Court has authority, pursuant civil contempt sanction authority under 11 U.S.C. § 105(a), to award such damages to the Trustee. It was Bailey's conduct that necessitated the Trustee's filing and prosecution of this Adversary Proceeding, and as such, Bailey should be held responsible for the Trustee's fees and costs incurred in such prosecution. Bailey violated the automatic by using

---

[4] While Bailey failed to pay the required utility bill and left an outstanding balance due the Department of Water and Power in the amount of $16,497.92, the Trustee was able to negotiate a settlement with the Buyer for the Premises which provided the Buyer would receive $2,000 from the sale proceeds to be credited against closing costs and would take responsibility for addressing the pool issue created by the pool pump not running because the power was shut-off for the Premises because Bailey did not pay utilities as required by the Lease.

[5] As evidenced by the Declaration of Robyn B. Sokol filed contemporaneously with this motion, the legal fees of Leech Tishman related to the above captioned adversary proceeding and enforcement of the lease total $34,105 through November 10, 2022 and it is anticipated that an additional $8,000 will be incurred through December 6, 2022. A supplemental declaration with setting forth the fees through November 30, 2022 and anticipated fees will be filed with the Court prior to the December 6, 2022 hearing.

the Premises for profit by subleasing the Premises to a third party in violation of the Lease, confiscating Estate property by failing to turn over rent proceeds from the Premises and the sublease and exercising control over property of the Estate.

While a bankruptcy trustee is not an "individual" entitled to recover attorney fees as damages for willful violation of the automatic stay, section 105(a) of the Bankruptcy Code can be used an alternative basis for awarding costs and attorney's fees to a trustee. *In re Pace*, 67 F. 3d 187 (9th Cir. 1995). Such recovery pursuant to section 105(a) in the form of costs and attorney's fees in filing and prosecuting this Adversary Proceeding for Bailey's willful violation of the automatic stay constitutes a sanction for ordinary civil contempt. While an award of damages under section 362(h) for violation of the automatic stay is mandatory, an award of damages under section 105(a) is discretionary. *In re Pace*, 159 B.R. 890 at 904 (9th Cir. B.A.P 1993). The Trustee submits that such an award is warranted here.

To the extent attorney's fees are not included as breach of contract damages, they are appropriately awarded based on Bailey's knowing violation of the automatic stay in exercising control over property of the Estate, including leasing property of the Estate (Premises) and retaining rents constituting property of the Estate. Attorney's fees and costs were incurred in the filing and prosecution of this adversary proceeding which stemmed from Bailey's knowing violation of the automatic stay. Bailey's conduct necessitated the filing of this adversary proceeding to enforce the Estate's rights, protect the Premises and the Estate's leasehold interest. The Trustee through her counsel, Leech Tishman Fuscaldo & Lampl ("Leech Tishman") has incurred legal fees of $34,105 through November 10, 2022 and it is anticipated that additional fees of $8,000 will be incurred through December 6, 2022.[6] Miller Decl. and Sokol Decl.

///

///

///

---

[6] Prior to the hearing on the Motion scheduled for December 6, 2022, the legal fees and costs incurred by Leech Tishman will be supplemented.

D.  **Summary of Damages Sought**

In summary, the Trustee seeks the following award of damages against Defendant Bailey:

| **Breach of Contract Damages** | |
| --- | --- |
| June Rent | $22,720.00 |
| July Rent | $22,720.00 |
| August rent | $22,720 |
| September Rent (14 days) | $10,602.66 |
| 10% late fee (late fees for April – September) | $12,420 |
| Utility damages – discounted due to settlement with Buyer | $2,000 |
| Attorney's fees through 11/10/22 | $34,105 |
| Anticipated Attorney's fees | $8,000 |
| NSF Charges | $25.00 |
| Cleaning Fee Due | $750.00 |
| **Total Due for Lease Damages:** | **$136,062.66** |
| Less: | |
| Bailey Security Deposit | ($20,000) |
| Kantor Rent received by Trustee (mitigation damages) | ($23,100) |
| **Total Compensatory Damages:** | **$92,962.66** |
| **Damages for Violation of Stay and/or Turnover of Estate Assets (in addition to Compensatory Damages above)** | |
| Rent taken by Maverick for June | $32,200 |
| Attorney's Fees if not awarded as compensatory damages | [Included above] |
| **Total Damages** | **$125,162.66** |

E.  **A Judgment Enjoining Defendant From Exercising Dominion and Control Over the Property is Proper**

Defendant Bailey materially breached the Lease and abandoned the Premises resulting in a termination of the Lease. The Preliminary Injunction was entered on July 21, 2022. While the Preliminary Injunction reserves Bailey's rights to defend the Complaint, Defendant elected not to do so. Defendant Bailey failed to respond to the Adversary Complaint and a default was entered against him on September 13, 2022.

The Trustee has sold the Premises free and clear of all liens, claims and encumbrances and the order approving the sale of the Premises was entered on November 1, 2022. [Docket No. 602].

Based on the foregoing a judgment that Bailey and his employees, agents and representatives hold no rights or interests to the Premises pursuant to the Lease and that Bailey and any of his employees, agents or representatives are enjoined from exerting dominion and control over, entering, leasing, subleasing, and taking any actions against the Premises is appropriate.

### III.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court render a judgment against Defendants as follows:

1. That the Court order, adjudge, and decree that the Lease was terminated on May 31, 2022 and that Bailey has no rights or interests in the Premises, and that Bailey and his agents may not enter the Premises or sublet the Premises;

2. That the court award damages against Bailey in the amount of $125,162.66 (subject to increased legal fees to be presented prior to the hearing on the Motion);

3. That the Court issue an injunction enjoining and restraining Bailey and his successors-in-interest, agents, servants and employees and all persons acting under or in concert with him from entering the Premises, leasing, subleasing and taking any actions against the Premises;

4. That Defendant Kat Moss and all claims against Kat Moss be dismissed; and

5. Grant such other and further relief as this Court may deem just and proper.

DATED: November 14, 2022                LEECH TISHMAN FUSCALDO & LAMPL, INC.

                                        By: /s/ Robyn B. Sokol
                                            ROBYN B. SOKOL
                                        Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **200 S. Los Robles Avenue, Suite 300, Pasadena, CA 91101.**

A true and correct copy of the foregoing document entitled: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LOCAL BANKRUPTCY RULE 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 15, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Robyn B Sokol**    rsokol@leechtishman.com, rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **November 15, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond  
United States Bankruptcy Court  
Central District of California  
255 E. Temple Street, Suite 1534  
Los Angeles, CA 90012

Aram Kuredjian, Esq.  
ESTELLE & KENNEDY  
A Professional Law Corporation  
606 S. Olive St., Ste. 1140  
Los Angeles, CA 90014

Maverick Bailey  
Kat Moss  
22940 Erwin Street  
Woodland Hills, CA 93167

Maverick M. Bailey  
Kat Moss  
23055 Sherman Way, #4551  
West Hills, CA 91308

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2022 | Lydia Moya | /s/ *Lydia Moya* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012      **F 9013-3.1.PROOF.SERVICE**
4887-5318-1994, v. 1